IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CATHY EL-KALLAB,
an individual,

    Plaintiff,

v.

                              Case No.:

CITIBANK, N.A., d/b/a
DEPARTMENT STORES NATIONAL BANK,
a national association, and
CAPITAL MANAGEMENT SERVICES, LP,
a foreign limited partnership,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, Cathy El-Kallab (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, CITIBANK, N.A., d/b/a DEPARTMENT STORES NATIONAL BANK (hereinafter, "DSNB"), and CAPITAL MANAGEMENT SERVICES, LP (hereinafter, "CMS") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq.* (hereinafter, the "FDCPA").

### JURISDICTION, VENUE & PARTIES

1. This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are conferred by Florida Statutes,

1

***ELECTRONICALLY FILED 08/05/2016 12:12:17 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

Section 559.77, as well as 15 United States Code, Section 1692k(d).

3. At all material times herein, the conduct of Defendants, complained of below, occurs in Pinellas County, Florida.

4. At all material times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5. At all material times herein, DSNB is a national association existing under the laws of the state of South Dakota that, itself and through its subsidiaries, regularly extends credit card services to consumers in Pinellas County, Florida.

6. At all material times herein, CMS is a foreign limited partnership, existing under the laws of the state of Delaware that, itself and through its subsidiaries, regularly collects debts due to another in Pinellas County, Florida.

## GENERAL ALLEGATIONS

7. At all material times herein, DSNB is a "creditor" as defined by Florida Statutes, Section 559.55(5).

8. At all material times herein, CMS is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(7).

9. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

10. At all material times herein, CMS uses interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another. CMS is also an entity who regularly collects or attempts to, directly or indirectly, collect debts owed or due, or asserted to be owed or due, another from consumers in Pinellas County, Florida.

11. At all material times herein, Defendants attempt to collect a debt, including but not

limited to, a balance allegedly due on a Macy's-branded consumer credit card, referenced by DSNB account number ending -1391 and CMS reference number ending -8824 (hereinafter, "Debt").

12. At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

13. At all material times herein, CMS received the Debt for collection–and collected the Debt–after the Debt was in default.

14. At all material times herein, Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Sections 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15. At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(2).

16. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

17. All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

18. Plaintiff retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") on or about August 21, 2013 with respect to her debts generally, including the Debt.

19. On or about March 5, 2014, Undersigned Counsel sent DSNB a facsimile transmission advising DSNB of Undersigned Counsel's representation of Plaintiff in reference to Plaintiff's Citibank credit card account, as well as with respect to her debts generally, advising DSNB of Undersigned Counsel's contact information, and demanding that all direct communication with Plaintiff cease and should instead be directed to Undersigned Counsel's office (hereinafter, "Citi Fax of Representation"). Please see attached a true and correct copy of the Citi Fax of Representation and fax confirmation sheet labeled as Exhibit "A."

20. The Citi Fax of Representation specifically advised DSNB that "this law firm represents Cathy El-Kallab with regard to her debts generally . . . including the above listed account *and any other accounts* of [sic] debts which you or your agency is attempting to collect from our client." Ex. A (emphasis added).

21. DSNB received the Fax of Representation on March 5, 2014.

22. On or about March 5, 2014, Undersigned Counsel sent CMS a facsimile transmission advising CMS of Undersigned Counsel's representation of Plaintiff in reference to Discover credit card accounts CMS was attempting to collect from Plaintiff, as well as with respect to her debts generally, advising CMS of Undersigned Counsel's contact information, and demanding that all direct communication with Plaintiff cease and be directed to Undersigned Counsel's office (hereinafter, "CMS Fax of Representation"). Please see attached a true and correct copy of the CMS Fax of Representation and fax confirmation sheet labeled as Exhibit "B."

23. The CMS Fax of Representation specifically advised CMS that "this law firm represents Cathy El-Kallab with regard to her debts generally . . . including the above listed account *and any other accounts* of [sic] debts which you or your agency is attempting to collect from our client." Ex. B (emphasis added).

24. CMS received the Fax of Representation on March 5, 2014.

25. On or about June 10, 2014, CMS sent settlement offers with regard to the Discover credit card accounts, directed to Undersigned Counsel at Undersigned Counsel's address (hereinafter collectively, "Settlement Offers"). Please see attached true and correct copies of the Settlement Offers labeled as Exhibit "C."

26. The Settlement Offers demonstrate CMS's actual knowledge of Undersigned Counsel's representation of Plaintiff and actual knowledge of Undersigned Counsel's contact information.

27. On or before July 19, 2014, DSNB turned the Debt over to Northland Group, Inc. (hereinafter, "NGI") for collection from Plaintiff.

28. On or before July 19, 2014, NGI received actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and received actual knowledge of Undersigned Counsel's contact information from DSNB.

29. On or before July 19, 2014, DSNB informed NGI of Undersigned Counsel's representation of Plaintiff with respect to the Debt.

30. On or about July 19, 2014, NGI sent Plaintiff a collection letter in an attempt to collect the Debt to Undersigned Counsel's office (hereinafter, "NGI First Collection Letter"). Please see attached a true and correct copy of the NGI Collection Letter labeled as Exhibit "D."

31. The immediately-aforementioned letter acknowledged NGI and DSNB's actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt by sending the collection letter addressed to Plaintiff to Undersigned Counsel's office address.

32. The immediately-aforementioned collection letter was an indirect attempt by DSNB to collect the Debt.

33. On or about August 22, 2014, NGI again sent Plaintiff a collection letter in an attempt to collect the Debt to Undersigned Counsel's office (hereinafter, "NGI Second Collection Letter"). Please see attached a true and correct copy of the NGI Collection Letter labeled as Exhibit "E."

34. The immediately-aforementioned letter again acknowledged NGI and DSNB's actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt by sending the collection letter addressed to Plaintiff to Undersigned Counsel's office address.

35. The immediately-aforementioned collection letter was an indirect attempt by DSNB to collect the Debt.

36. On or about September 18, 2014, NGI sent Plaintiff a collection letter in an attempt to collect the Debt to Undersigned Counsel's office (hereinafter, "NGI Third Collection Letter"). Please see attached a true and correct copy of the NGI Collection Letter labeled as Exhibit "F."

37. The immediately-aforementioned letter again acknowledged NGI and DSNB's actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt by sending the collection letter addressed to Undersigned Counsel's office address.

38. The immediately-aforementioned collection letter was an indirect attempt by DSNB to collect the Debt.

39. On or before December 4, 2015, DSNB turned the Debt over to CMS for collection, from Plaintiff.

40. When DSNB turned the Debt over to CMS for collection, the Debt was already in default.

41. When DSNB turned the Debt over to CMS for collection, DSNB advised CMS of Undersigned Counsel's representation of Plaintiff with respect to the Debt, advised CMS of

Undersigned Counsel's contact information, and advised CMS of Undersigned Counsel's demand that all direct communication with Plaintiff cease and should instead be directed to Undersigned Counsel's office.

42. Further, CMS already possessed actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information from the CMS Fax of Representation and demonstrated by the Settlement Offers.

43. On or about December 4, 2015, despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information, CMS directly sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "G."

44. The immediately-aforementioned collection letter was an indirect attempt by DSNB to collect the Debt.

45. On or about January 7, 2016, despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information, CMS directly sent Plaintiff a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "H."

46. The immediately-aforementioned collection letter was an indirect attempt by DSNB to collect the Debt.

47. Plaintiff retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her attorneys a reasonable fee for their services.

48. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory

damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

49. United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees, and costs to Plaintiff, should Plaintiff prevail in this matter against CMS.

50. As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

### COUNT ONE: UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

51. Defendants are subject to, and each violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally communicating directly with Plaintiff after receiving notice that Plaintiff was represented by legal counsel with respect to the underlying Debt.

52. Specifically, despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information, CMS directly sent Plaintiff *at least* two (2) collection letters in attempts to collect the Debt on behalf of DSNB.

53. The above-referenced debt collection attempts constitute indirect attempts to collect the Debt by DSNB.

54. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
## FAIR DEBT COLLECTION PRACTICES ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)</u>

Plaintiff re-alleges paragraphs one (1) through fifty (50) as if fully restated herein and further states as follows:

55.   CMS is subject to, and violated the provisions of, 15 United States Code, Section 1692c(a)(2) by communicating directly with Plaintiff despite possessing knowledge that Plaintiff was represented by Undersigned Counsel with respect to the Debt and possessing knowledge of Undersigned Counsel's contact information.

56.   Specifically, despite possessing actual knowledge of Undersigned Counsel's representation of Plaintiff with respect to the Debt and Undersigned Counsel's contact information, CMS directly sent Plaintiff *at least* two (2) collection letters in attempts to collect the Debt.

57.   As a direct and proximate result of CMS' actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

### **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.   Judgment against Defendants declaring that Defendants violated the FCCPA;

    b.   Judgment against Defendants for maximum statutory damages for violations of the FCCPA;

    c.   Judgment against CMS for maximum statutory damages for violations of the FDCPA;

    d.   An award of attorneys' fees and costs; and

    e.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
**[X] Aaron M. Swift, Esq., FBN 0093088**
☐ **Gregory H. Lercher, Esq., FBN 0106991**
☐ **Sara Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*